# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-20982

AZI 116, LLC,

       Plaintiff,

vs.

AZ 116' INFINITY, LLC,
RAFAEL LAZARO NAVARRO
a/k/a RALPH NAVARRO,
MICHELLE BOYLE,
PATRICIA PRADERE ZAPATER,
FERNANDO G. SALINAS,
INFINITY YACHT ACQUISITION
COMPANY, LLC,
MYI INTERNATIONAL, LLC d/b/a
FLORIDA YACHTS INTERNATIONAL,

       Defendants.

_____/

## <u>VERIFIED COMPLAINT</u>

Plaintiff, AZI 116, LLC, by and through undersigned counsel, hereby files this Verified Complaint and Demand for Jury Trial against Defendants, AZ 116' INFINITY, LLC, RAFAEL LAZARO NAVARRO a/k/a RALPH NAVARRO, MICHELLE BOYLE, PATRICIA PRADERE ZAPATER, FERNANDO G. SALINAS, INFINITY YACHT ACQUISITION COMPANY, LLC, and MYI INTERNATIONAL, LLC d/b/a FLORIDA YACHTS INTERNATIONAL and states as follows:

**BlackSrebnick**
CIVIL | CRIMINAL

## INTRODUCTION

1.   This action seeks to:

   a.   hold RAFAEL LAZARO NAVARRO and his accomplices accountable for financial damages and breach of a certain motor yacht mortgage occurring through the illegal fabrication of a fictitious satisfaction of mortgage, self-notarization of fabricated documents, misrepresentations and active deception, theft and unjust enrichment; and,

   b.   to prevent INFINITY YACHT ACCQUISITION COMPANY LLC from engaging in conduct that causes diminution of value to the motor yacht (*i.e.* the collateral for the mortgage), concealment of the motor yacht, or further violations of the valid and active mortgage held by Plaintiff on said yacht.

2.   To these ends, Plaintiff brings this action to foreclose on a preferred ship mortgage of a maritime vessel, for injunctive relief, and for damages in excess of $75,000, exclusive of interest, court costs, and attorneys' fees, within the jurisdiction of this Court.

## PARTIES

3.   Plaintiff, AZI 116, LLC ("AZI"), is a Delaware Limited Liability Company authorized to conduct business in Florida, with its principal place of business located at 2701 S. Le Jeune Road, 10th Floor, Coral Gables, Florida 33134.

4.   Defendant, AZ 116' INFINITY, LLC ("AZ Infinity"), is a Delaware Limited Liability Company authorized to conduct business in Florida, with its principal place of business located at 1521 Concord Pike, Suite 201, Wilmington, Delaware 19803.

2



5.      Defendant, INFINITY YACHT ACQUISITION COMPANY, LLC ("Infinity Yacht") is a Florida Limited Liability Company and is operating in Florida with a principal place of business at 6775 SW 101 Street, Pinecrest, Florida 33156.

6.      Defendant, FERNANDO G. SALINAS ("Salinas"), is an individual domiciled in Miami-Dade County and a citizen of the State of Florida, and is otherwise *sui juris*.

7.      Upon information and belief, SALINAS is the sole legal owner and manager of AZ INFINITY.  In /around January 2025, SALINIAS was lied to by NAVARRO regarding NAVARRO having authority to sell the underlying vessel, permission from AZI to sell the vessel to Defendant Infinity Yacht.

8.      Defendant, MYI INTERNATIONAL, LLC d/b/a FLORIDA YACHTS INTERNATIONAL ("Florida Yachts") is a Florida Limited Liability Company and is operating in Florida with a principal place of business at 2550 S. Bayshore Drive, Suite 102, Coconut Grove, Florida 33133. Upon information and belief, at all relevant times, FLORIDA YACHTS was in the business of sales of vessels and related items.

9.      Defendant, RAFAEL LAZARO NAVARRO a/k/a RALPH NAVARRO ("Navarro"), is an individual domiciled in Miami-Dade County, is a citizen of the State of Florida, and is otherwise *sui juris*. At all times relevant, NAVARRO was in the business of sales of vessels and related items. Specifically, NAVARRO is licensed as a "Yacht and Ship Salesperson or Broker," holding License No. 2275, by the Florida Department of Business and Professional Regulation and actively conducting business in this District.

10.      Upon information and belief, NAVARRO is the sole legal owner and manager of FLORIDA YACHTS.



11.     Defendant, MICHELLE BOYLE ("Boyle"), is an individual domiciled in Miami-Dade County and a citizen of the State of Florida.  At all times relevant, BOYLE's conduct as an employee of FLORIDA YACHTS assisted NAVARRO's schemes by facilitating transfers of money, communicating misrepresentations, preparing all documentation, including fraudulent satisfactions of payment and other misrepresentations.

12.     Defendant, PATRICIA PRADERE ZAPATER, is an individual domiciled in Miami-Dade County, is a citizen of the State of Florida, and is otherwise *sui juris*. At all times relevant, resided at and is the record owner of certain real estate located at 284 Las Brisas Court, Coral Gables Florida 33134, which was maintained with the proceeds of NAVARRO's fraud against AZI.

## JURISDICTION AND VENUE

13.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331, because this action arises from the laws of the United States, specifically 46 U.S.C. §31325, and the causes of action under state law alleged herein arise from a common nucleus of operative fact.

14.     Venue is properly placed in this district pursuant to 28 U.S.C. §1391(b)(1), because the Defendants reside in this District; and pursuant to §1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and the property to be replevied and/or enjoined is located within Miami-Dade County, Florida.

15.     All conditions precedent to the maintenance of this action have been satisfied, performed, or waived.

4

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

## FACTUAL BACKGROUND

16.     On or about October 7, 2024, AZI and AZ INFINITY, through SALINAS, entered into a Purchase and Sale Agreement in which AZ INFINITY agreed to purchase from AZI the "Infinity," a 2004 116' Azimut motor yacht bearing Hull Number 14 and U.S. Official Identification No. 1296774 (the "Vessel"). A true and correct copy of the fully executed Purchase and Sale Agreement is attached as **Exhibit 1.**

17.     The sale of the Vessel between AZI and AZ INFINITY was brokered by FLORIDA YACHTS, which was identified as the Selling Broker and Listing Broker for the transaction on the Purchase and Sale Agreement.

18.     Pursuant to the Purchase and Sale Agreement, the purchase price of the Vessel was $2,350,000.00. AZ INFINITY made a down payment of $1,150,000.00 and financed the remaining $1,200,000.00, to be paid in installments of $90,000.00 every 90 days at an interest rate of 7.5% per year.

19.     On or about November 5, 2024, AZI and AZ INFINITY entered into a Promissory Note pursuant to which AZ INFINITY became indebted to AZI in the principal amount of $1,200,000.00, plus interest at a rate of 7.5% per year. SALINAS executed the Promissory Note on behalf of AZ INFINITY. A true and correct copy of the fully executed Promissory Note is attached as **Exhibit 2.**

20.     Pursuant to the Promissory Note, AZ INFINITY was to remit to AZI lump sum payments of $90,000.00 every 90 days until November 1, 2027.

21.     AZ INFINITY'S obligations under the Promissory Note were secured by the Vessel. AZI was to retain all original documentation to the Vessel until the Note was fully satisfied by AZ INFINITY.



22.     Pursuant to the Promissory Note, "[t]his Note may not be changed, modified or terminated orally, but only by agreement in writing signed by the Borrower and Lender." Exhibit 2 at p. 2.

23.     To secure payment under the Promissory Note, SALINAS, on behalf of AZ INFINITY, executed and delivered to AZI a First Preferred Mortgage (hereinafter "Mortgage") whereby AZ INFINITY granted a security interest in the Vessel to AZI, until such time as the Promissory Note for the Vessel was satisfied in full. A true and correct copy of the fully executed Mortgage is attached hereto as **Exhibit 3**.

24.     Under the Mortgage, AZ INFINITY agreed to "do everything necessary to establish and maintain this Mortgage as a First Preferred Mortgage on said vessel." Exhibit 3 at Article 1, ¶ 4.

25.     Under the Mortgage, AZ INFINITY agreed as follows:

Owner shall not, without the prior written consent of the Mortgagee, sell or mortgage the vessel or any interest therein nor charter her except to persons and for uses lawful for American vessels and then only provided said insurance be unaffected thereby or adequately replaced; nor, if a corporation, merge or consolidate with any other person, firm or corporation, or dissolve.

Exhibit 3 at Article 1, ¶ 10.

Owner shall keep the vessel fully and adequately insured under usual full marine insurance with policy valuation not exceeding the amount insured and, in the aggregate as to all vessels mortgaged herein, in at least the amount of the unpaid principal balance of this Mortgage, and shall maintain insurance to cover protection and indemnity risks, tower's liability risk if the vessel performs towage, employees' compensation and/or other risks and liabilities from time to time specified by the Mortgagee.

Exhibit 3 at Article 1, ¶ 3.

26.     Pursuant to the Mortgage, an "Event of Default" constitutes:

6



Default in the punctual payment of the principal of the note secured hereby of any installment thereof, or in the due and punctual performance of any provision of Sections 3, 4, 5, 6, 8, and 10 of Article 1 hereof, or attempt to violate Sections 4 or 10 of Article 1 hereof, or default continuing for fifteen (15) days in the performance of any other covenant herein[.]

Exhibit 3 at Article 2, ¶ 1.

27.     At the occurrence of an "Event of Default" under the Mortgage, AZI may:

Declare the principal of said note and all accrued interest thereon to be and they shall then become and be due and payable forthwith, after which they shall bear interest at a default rate of 18%.

Recover judgment for, and collect out of any property of Owner, any amount thereby or otherwise due hereunder, and/or collect all earned charter hire and freight monies relating to services performed by the vessel, Owner hereby assigning to Mortgagee such earned charter hire and freight monied then owing; and/or

Retake the vessel without legal process at any time wherever the same may be, and, without being responsible for loss or damage, hold and in Mortgagee's or in Owner's name lease, charter, operate or otherwise use the vessel for such time and on such terms as Mortgagee may deem advisable, being accountable for net profits, if any, and with the right to dock the vessel free of charge at Owner's premises or elsewhere at Owner's expense; and/or sell the vessel, free from any claim by Owner of any nature whatsoever, in the manner provided by law; to the extent permitted by law, such sale may be public or private, without notice, without having the vessel premise, and/or Mortgagee may become the purchaser.

Exhibit 3 at Article 2, ¶¶ 1(a)-(c).

28.     On November 13, 2024, AZI recorded its security interest in the Vessel with the United States Coast Guard's National Vessel Documentation Center.

29.     On January 21, 2025, AZI sent correspondence to SALINAS and AZ INFINITY requesting proof of insurance as required under the Mortgage and providing payment instructions for the installment payment in the amount of $90,000.00 due on February 5, 2025.



30.     Subsequently, AZI learned that SALINAS and AZ INFINITY had sold the Vessel to INFINITY YACHT without AZI'S knowledge or consent in violation of the Promissory Note and Mortgage.

31.     Upon information and belief, FLORIDA YACHTS, through NAVARRO, brokered the sale of the Vessel between AZ INFINITY and INFINITY YACHT.

32.     To consummate the sale of the Vessel from AZ INFINITY to INFINITY YACHT, NAVARRO both executed and notarized a false and fraudulent document entitled Satisfaction or Release of Mortgage, Claim of Lien or Preferred Mortgage (hereinafter "Satisfaction of Mortgage") discharging AZ INFINITY'S indebtedness to AZI without AZI's knowledge or consent. A copy of the Satisfaction of Mortgage is attached as **Exhibit 4.**

33.     At all material times, including at the time NAVARRO executed the false and fraudulent Satisfaction of Mortgage, NAVARRO knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) he did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

34.     Given NAVARRO'S position as sole owner and manager of FLORIDA YACHTS and given that FLORIDA YACHTS brokered the initial sale of the Vessel from AZI to AZ INFINITY, FLORIDA YACHTS knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) NAVARRO did not have

8

authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

35.     At all material times, including at the time AZ INFINITY sold the Vessel to INFINITY YACHT and NAVARRO executed the false and fraudulent Satisfaction of Mortgage, AZ INFINITY and SALINAS knew that: (1) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (2) the Promissory Note and Mortgage had not been satisfied; and (3) NAVARRO did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

36.     At all material times, including at the time INFINITY YACHT purchased the Vessel from AZ INFINITY, INFINITY YACHT knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; and (3) NAVARRO did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

37.     Upon information and belief, NAVARRO and FLORIDA YACHTS collected a payment in exchange for the sale of the Vessel between AZ INFINITY and INFINITY YACHT. The amount of the payment is currently unknown.

38.     As of the filing of this Complaint, the total principal amount of $1,200,000.00 remains due and owing by AZ INFINITY to AZI under the Promissory Note and Mortgage, plus interest in the amount of $246.575 per diem since the date of the breach.

39.     To date, AZI has not received any payment pursuant to the Promissory Note or Mortgage.



www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

40.     NAVARRO did remit approximately $1,000,000.00 to a different entity to pay off a separate debt (which exceeds $3,000,000.00) owed to that different entity for NAVARRO's separate acts of fraud and theft, but those payments are unrelated to AZI.[1]

41.     All of the Defendants knew or should have known that the purported Satisfaction of Mortgage was unauthorized or otherwise invalid as the face of the document reveals:

    a.     NAVARRO identifies himself as "agent, yet no other document or information exists, nor could exist in January 2025, to support such an assertion; and,

    b.     that NAVARRO notarized his own signature, in violation of Florida law.

42.     All of the Defendants knew or should have known that NAVARRO was not authorized in any capacity under the Florida Division of Corporations.  See copy of AZI 116 LLC corporate registration with the Florida Division of Corporations from Sunbiz.com **attached at Exhibit 5**.

43.     Upon information and belief, NAVARRO and BOYLE communicated fraudulent representations to SALINAS that NAVARRO had obtained the requisite authority and approval to broker the January 2025 sale of the Vessel to INFINITY YACHTS.

---

[1] In early 2025, through counsel, AZI demanded payment from NAVARRO. That same counsel simultaneously demanded payment from NAVARRO on behalf of a different entity, Cigarette Holdings, that likewise alleges that NAVARRO committed acts of theft and fraud against it, in amounts totaling more than $3,000,000.00. In response, NAVARRO remitted two partial payments totaling approximately $1,150,000.00 via *wire transfer to Cigarette Holdings*. NAVARRO now claims that he intended those partial payments to be held by Cigarette Holdings in a constructive trust to later be applied to NAVARRO's debt owed to AZI. For its part, Cigarette Holdings, which is under different ownership and management, has advised undersigned counsel that it applied those payments to partially offset NAVARRO's debt to Cigarette Holdings and has no intention (or obligation) to relinquish those funds to satisfy NAVARRO'S debt to AZI.

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

44.     Defendant BOYLE has worked for FLORIDA YACHTS and NAVARRO for over 20 years.  She has intimate knowledge of NAVARRO's schemes, has participated in NAVARRO's fraud and theft through her preparation of fraudulent documents, facilitation of wire transfers, as well as assistance with communicating fraudulent information about NAVARRO's authority.

45.     Upon information and belief, BOYLE prepared closing documents, facilitated wire instructions and transfers, and participated in communications among NAVARRO, INFINITY YACHTS and AZ INFINITY to effectuate the unauthorized January 2025 sale of the Infinity.

46.     Upon information and belief BOYLE has directly benefited financially from NAVARRO's fraud and theft, through compensation, bonuses, and in-kind value bestowed upon her.

47.     The Vessel was recently seen docked in the Miami River and AZI has learned that the Vessel is being chartered for private events in violation of the Mortgage.

48.     Upon information and belief, the current value of the Vessel is 2,500,000.00.

49.     As a result of the above tortious conduct by all Defendants, AZI retained the undersigned counsel to represent it in this cause of action and is obligated to pay reasonable attorneys' fees and costs.

## <u>COUNT I</u>
## PRELIMINARY INJUNCTION
## (AGAINST DEFENDANTS AZ INFINITY ANDINFINITY YACHT)

50.     AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

51.     This is an action against AZ INFINITY and INFINITY YACHT for a Preliminary Injunction.

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

52.     AZI is the owner and holder of the Promissory Note and Mortgage secured by the Vessel, both of which are attached as Exhibit 2 and Exhibit 3.

53.     AZ INFINITY has defaulted under the Promissory Note and Mortgage by: (1) failing to "do everything necessary to establish and maintain [the Mortgage] as a First Preferred Mortgage" on the Vessel; (2) failing to keep the Vessel fully and adequately insured as required by the Mortgage; (3) selling the Vessel without AZI's prior written consent; (4) securing a false and fraudulent Satisfaction of Mortgage in order to effectuate the sale of the Vessel in violation of the Promissory Note and Mortgage.

54.     As a result of AZ INFINITY'S default, AZI is entitled to take immediate possession of the Vessel and pursue any and all rights and remedies to which it is entitled as a secured creditor under the terms of the Promissory Note and Mortgage, including foreclosure of its security interest in the Vessel and the sale of the Vessel to satisfy the sums due and owing to AZI.

55.     Upon information and belief, INFINITY YACHT wrongfully came into possession of the Vessel by securing a false and fraudulent Satisfaction of Mortgage.

56.     Upon information and belief, after AZI expressly rejected INFINITY YACHT's January 2025 offer to purchase the Vessel, INFINITY YACHT then took steps to circumvent AZI's authorization and knowledge by communicating with NAVARRO.

57.     NAVARRO then schemed to feign authority as AZI's agent, to negotiate the transfer of possession of the Vessel from SALINAS to INFINITY YACHT, and to fabricate a satisfaction of mortgage all without AZI's knowledge, consent, or receipt of any consideration.

58.     Upon information and belief, NAVARRO through FLORIDA YACHTS took possession of approximately $1,700,000.00 remitted between INFINITY YACHT and SALINAS, ultimately keeping a certain portion for himself as a purported broker fee.



59.     The Vessel continues to be wrongfully detained by INFINITY YACHT and INFINITY YACHT is chartering the Vessel for private parties, resulting in the Vessel being used, depreciated, dissipated and/or damaged.

60.     None of the Defendants have presented proof of adequate insurance as required by the Note/Mortgage.

61.     INFINITY YACHT knew or should have known that the manner in which it was obtaining possession through NAVARRO and FLORIDA YATCHS was without authorization of AZI and otherwise improper as:

    a.   The beneficial owner of INFINITY YACHT knew and was communicating directly with the son of AZI's owner as recently as a few weeks before interacting with NAVARRO.

    b.   AZI had expressly and directly rejected two prior offers to sell the Vessel to INFINITY YACHT (first in August 2024 and then again in January 2025); and,

    c.   AZI had expressly communicated that it would not extend a Note /Mortgage to INFINITY YACHT for the Vessel because INFINITY YACHT intended to use the Vessel for commercial chartering services.

    d.   NAVARRO is not identified in any document presented to INFINITY YACHT or with Florida Division of Corporations as an officer, manager, or otherwise authorized agent on behalf of AZI.  See copy of Sunbiz.com corporate information **attached at Exhibit 5**.

62.     Adding further suspicion to the transaction between INFINITY YACHT and NAVARRO is the fact that INFINITY YACHT's beneficial owner, Mr. Benitez, loaned NAVARRO $1,500,000.00 in June 2022.  Based upon recorded documents in the Public Records, it does not

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

appear that this debt has been repaid.  See copy of Orlando Benitez Mortgage **attached at Exhibit 6**.

63.     Given the fraudulent manner in which AZ INFINITY and INFINITY YACHT secured the Satisfaction of Mortgage, there is a strong likelihood that AZ INFINITY and INFINITY YACHT will relocate, sell, encumber, destroy, or otherwise dispose of the Vessel.

64.     Without a Preliminary Injunction preventing AZ INFINITY and INFINITY YACHT from continuing to use, charter, relocate, encumber, destroy, dissipate, or otherwise dispose of the Vessel, AZI will suffer irreparable injury, loss, or damage as these actions will irrevocably destroy or diminish AZI's security interest in the Vessel.

65.     AZI's interest in the Vessel cannot adequately be replaced by a mere claim for damages. AZI has no adequate remedy at law to protect the Vessel from being used, depreciated, dissipated and/or damaged. Accordingly, injunctive relief is appropriate under these circumstances.

66.     No harm or prejudice will be suffered by AZ INFINITY or INFINITY YACHT in the issuance of a Preliminary Injunction which would prohibit them from continuing to use, charter, relocate, encumber, destroy, dissipate, or otherwise dispose of the Vessel.

67.     A Preliminary Injunction would not be adverse to the public interest because it is in the public interest to enforce the terms of binding agreements. In addition, innocent purchasers will be protected by virtue of a Preliminary Injunction prohibiting AZ INFINITY or INFINITY YACHT from attempting to sell or further encumber the Vessel.

68.     As a condition of the Preliminary Injunction, AZI is prepared to post a bond, should one be required, in an amount determined by the Court.

14

WHEREFORE, AZI moves this Court to temporarily enjoin AZ INFINITY or INFINITY YACHT from using, chartering, relocating, selling, encumbering, destroying, damaging, dissipating, or otherwise disposing of the Vessel, and for all further relief this Court deems just and proper.

<div align="center">

**COUNT II**
**REPLEVIN**
**(AGAINST AZ INFINITY AND INFINITY YACHT)**

</div>

69.     AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

70.     This is an action for Replevin of the Vessel pursuant to the Promissory Note, the Mortgage, and Sections 78.068 and 679.609, Florida Statutes.

71.     AZI is the owner and holder of the Promissory Note and Mortgage secured by the Vessel, both of which are attached as Exhibit 2 and Exhibit 3.

72.     AZ INFINITY has defaulted under the Promissory Note and Mortgage by: (1) failing to "do everything necessary to establish and maintain [the Mortgage] as a First Preferred Mortgage" on the Vessel; (2) failing to keep the Vessel fully and adequately insured as required by the Mortgage; (3) selling the Vessel without AZI's prior written consent; (4) securing a false and fraudulent Satisfaction of Mortgage in order to effectuate the sale of the Vessel in violation of the Promissory Note and Mortgage.

73.     As a result of AZ INFINITY'S default, and in accordance with the provisions of Sections 78.068 and 679.609, Florida Statutes, AZI is entitled to take immediate possession of the Vessel and pursue any and all rights and remedies to which it is entitled as a secured creditor under the terms of the Promissory Note and Mortgage, including foreclosure of its security interest in the Vessel and the sale of the Vessel to satisfy the sums due and owing to AZI.

<div align="center">

15

**BlackSrebnick**
CIVIL | CRIMINAL

</div>

74.     Upon information and belief, INFINITY YACHT wrongfully came into possession of the Vessel by securing a false and fraudulent Satisfaction of Mortgage. The Vessel continues to be wrongfully detained by INFINITY YACHT and INFINITY YACHT is chartering the Vessel for private parties, resulting in the Vessel being used, depreciated and/or dissipated.

75.     Upon information and belief, the Vessel is currently docked in the Miami River.

76.     To the best of AZI's knowledge, information, and belief, the value of the Vessel is estimated to be $2,500,000.00.

77.     The Vessel has not and will not be taken pursuant to tax, assessment, or fine pursuant to law.

78.     The Vessel has not and will not be taken pursuant to an execution or attachment against the property of AZI.

79.     AZI has met the requirements of Sections 78.608 and 679.609, Florida Statutes and it is entitled to immediate possession because AZ INFINITY and/or INFINITY YACHT are engaging in, or are about to engage in, conduct that may place the Vessel in danger of concealment, waste, removal from the State, removal from the jurisdiction of the Court, or transfer to an innocent purchaser during the pendency of this action.

WHEREFORE, AZI respectfully requests that this Court enter judgment and/or an order against AZ INFINITY and INFINITY YACHT as follows:

    a.   Judgment for possession of the Vessel;

    b.   A prejudgment Writ of Replevin directing the Sheriff of this jurisdiction, or any other jurisdiction in the State of Florida where the Vessel may be located, to physically enter the property where the Vessel is being stored, recover the Vessel, and place the Vessel in AZI's possession;



c.  An Order directing AZ INFINITY and INIFINITY YACHT to disclose to the Sheriff the location of the Vessel;

d.  An Order enjoining AZ INFINITY and INIFINITY YACHT from interfering with the replevin of the Vessel;

e.  An award of attorneys' fees and costs incurred by AZI in this cause of action pursuant to the Promissory Note and Mortgage, and applicable Florida Statutes; and

f.  Such further relief as the Court deems just and proper.

<u>**COUNT III**</u>
**FORECLOSURE UNDER THE MORTGAGE**
**(AGAINST AZ INFINITY)**

80.     AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

81.     This is an action against AZ INFINITY for foreclosure under the Promissory Note and Mortgage.

82.     AZI is the owner and holder of the Promissory Note and Mortgage secured by the Vessel, both of which are attached as Exhibit 2 and Exhibit 3.

83.     AZ INFINITY has defaulted under the Promissory Note and Mortgage by: (1) failing to "do everything necessary to establish and maintain [the Mortgage] as a First Preferred Mortgage" on the Vessel; (2) failing to keep the Vessel fully and adequately insured as required by the Mortgage; (3) selling the Vessel without AZI's prior written consent; (4) securing a false and fraudulent Satisfaction of Mortgage in order to effectuate the sale of the Vessel in violation of the Promissory Note and Mortgage.

17



84.    Pursuant to the Promissory Note and Mortgage, AZI has a valid, perfected security interest in the Vessel.

85.    As a result of AZ INFINITY'S default, AZI is entitled to take immediate possession of the Vessel and pursue any and all rights and remedies to which it is entitled as a secured creditor under the terms of the Promissory Note and Mortgage, including foreclosure of its security interest in the Vessel and the sale of the Vessel to satisfy the sums due and owing to AZI.

86.    AZI is also entitled to a declaration from the Court that the security interest granted to AZI pursuant to the Promissory Note and Mortgage is a valid lien on the Vessel and that the amount found to be due to AZI, together with attorneys' fees, costs and other related expenses, be decreed to be a good and subsisting lien against the Vessel; and that the Vessel, or so much thereof as may be required to satisfy the amounts found to be due, shall be sold to satisfy the obligation owed to AZI.

WHEREFORE, AZI respectfully requests that this Court enter judgment and/or an order against AZ INFINITY as follows:

a. That the court foreclose AZI's security interest in the Vessel;

b. That the Court adjudicate the amount due to AZI as principal, maturities/curtailments, interest, expenses, court costs, attorneys' fees and costs, and other expenses permitted under the Promissory Note and Mortgage;

c. That the Court order AZI's entitlement to take immediate possession of the Vessel, together with an award of any deficiency damages, expenses of replevin and sale, attorneys' fees and costs against Defendant AZ INFINITY;

18

**BlackSrebnick**
CIVIL | CRIMINAL

    d.   That the Court order the Vessel be sold and the proceeds of the sale be applied towards the satisfaction and payment of the expenses of the sale and satisfy the sums due and owing to AZI, including attorneys' fees, costs and interest; and

    e.   Such further relief as the Court deems just and proper.

<div align="center">

**COUNT IV**
**FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**
**(AGAINST FLORIDA YACHTS, BOYLE AND NAVARRO)**

</div>

87.    AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

88.    This is an action for violation of Florida's Deceptive and Unfair Trade Practices Act against FLORIDA YACHTS and NAVARRO.

89.    At all relevant times, FLORIDA YACHTS was in the business of sales of vessels and related items.

90.    At all times relevant, NAVARRO, who is the sole legal owner and manager of FLORIFA YACHTS, was in the business of sales of vessels and related items. Specifically, NAVARRO is licensed as a "Yacht and Ship Salesperson or Broker," holding License No. 2275, by the Florida Department of Business and Professional Regulation.

91.    Upon information and belief, FLORIDA YACHTS, through NAVARRO, brokered the sale of the Vessel between AZ INFINITY and INFINITY YACHT in violation of the Promissory Note and Mortgage held by AZI.

92.    To consummate the sale of the Vessel from AZ INFINITY to INFINITY YACHT, NAVARRO both executed and notarized a false and fraudulent Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI without AZI's knowledge or consent.

<div align="center">

19



</div>

93.     At all material times, including at the time NAVARRO executed the false and fraudulent Satisfaction of Mortgage, NAVARRO knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) he did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

94.     Given NAVARRO'S position as sole owner and manager of FLORIDA YACHTS and given that FLORIDA YACHTS brokered the initial sale of the Vessel from AZI to AZ INFINITY, FLORIDA YACHTS knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) NAVARRO did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

95.     Upon information and belief, BOYLE facilitated a payment which NAVARRO and FLORIDA YACHTS collected in exchange for the sale of the Vessel between AZ INFINITY and INFINITY YACHT. The amount of the payment is currently unknown.

96.     Upon information and belief, BOYLE facilitated NAVARRO's unfair and deceptive practices by preparing documents and communications containing false information and misrepresentations, including a certain purported Satisfaction of Mortgage, as well as having knowledge of NAVARRO self-notarizing false documents in order to finalize the January 2025 sale of the Infinity.



CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

97.     To date, AZI has not received any payment pursuant to the Promissory Note or Mortgage.

98.     NAVARRO, BOYLE and FLORIDA YACHTS' practices, as described above, are unfair and deceptive.

99.     As a result of the unfair and deceptive practices of NAVARRO, BOYLE and FLORIDA YACHTS, AZI has been damaged.

WHEREFORE, AZI demands entry of judgment against NAVARRO, BOYLE and FLORIDA YACHTS for damages in an amount to be determined at trial, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

<div align="center">

**COUNT V**
**CONVERSION**
**(AGAINST NAVARRO AND FLORIDA YACHTS)**

</div>

100.    AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

101.    Pursuant to the Promissory Note and Mortgage, AZ INFINITY became indebted to AZI in the principal amount of $1,200,000.00, plus interest at a rate of 7.5% per year and AZ INFINITY was to remit to AZI lump sum payments of $90,000.00 every 90 days until November 1, 2027.

102.    NAVARRO and FLORIDA YACHTS misappropriated the funds due and owing to AZI by brokering the sale of the Vessel from AZ INFINITY to INFINITY YACHT in violation of the Promissory Note and Mortgage, and by executing and notarizing a false and fraudulent Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI, without AZI's knowledge or consent.

<div align="center">

21

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

</div>

103.    Upon information and belief, NAVARRO and FLORIDA YACHTS collected a payment in exchange for the sale of the Vessel between AZ INFINITY and INFINITY YACHT. The amount of the payment is currently unknown.

104.    NAVARRO and FLORIDA YACHTS were not authorized to misappropriate AZI's funds. In doing so, NAVARRO and FLORIDA YACHTS wrongfully exercised dominion and control over AZI's funds.

105.    To date, AZI has not received any payment pursuant to the Promissory Note or Mortgage.

106.    AZI has been damaged by the actions of NAVARRO and FLORIDA YACHTS.

WHEREFORE, AZI demands entry of judgment against FLORIDA YACHTS and NAVARRO for damages in an amount to be determined at trial, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT VI
## CIVIL THEFT
## (AGAINST NAVARRO AND FLORIDA YACHTS)

107.    AZI re-alleges and incorporates paragraphs 1 through 45 above, as if fully set forth herein.

108.    Pursuant to the Promissory Note and Mortgage, AZ INFINITY became indebted to AZI in the principal amount of $1,200,000.00, plus interest at a rate of 7.5% per year and AZ INFINITY was to remit to AZI lump sum payments of $90,000.00 every 90 days until November 1, 2027.

109.    NAVARRO and FLORIDA YACHTS misappropriated the funds due and owing to AZI by brokering the sale of the Vessel from AZ INFINITY to INFINITY YACHT in violation of the Promissory Note and Mortgage, and by executing and notarizing a false and fraudulent

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI,without AZI's knowledge or consent.

110.    Upon information and belief, NAVARRO through FLORIDA YACHTS collected a payment in exchange for the sale of the Vessel between AZ INFINITY and INFINITY YACHT. The amount of the payment is currently unknown.

111.    NAVARRO through FLORIDA YACHTS was not authorized to misappropriate AZI's funds. In doing so, NAVARRO and FLORIDA YACHTS wrongfully exercised dominion and control over AZI's funds.

112.    To date, AZI has not received any payment pursuant to the Promissory Note or Mortgage.

113.    NAVARRO's actions constitute civil theft pursuant to Fla. Stat. § 772.11 by virtue of their violation of Fla. Stat. § 812.014.

114.    AZI has been damaged by the actions of NAVARRO and FLORIDA YACHTS.

WHEREFORE, AZI demands entry of judgment against FLORIDA YACHTS and NAVARRO for damages in an amount to be determined at trial and as provided for pursuant to Fla. Stat. § 772.11, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT VII

### FRAUD
### (AGAINST DEFENDANTS NAVARRO AND BOYLE)

115.    AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

116.    This is an action for fraud against NAVARRO and BOYLE.

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | ℗ 305.371.6421

117.    NAVARRO brokered the sale of the Vessel between AZ INFINITY and INFINITY YACHT in violation of the Promissory Note and Mortgage held by AZI.

118.    To consummate the sale of the Vessel from AZ INFINITY to INFINITY YACHT, NAVARRO personally executed and notarized a false and fraudulent Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI without AZI's knowledge or consent.

119.    At all material times, including at the time NAVARRO personally executed the false and fraudulent Satisfaction of Mortgage, NAVARRO knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) he did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

120.    At all material times, BOYLE was aware of the fraudulent information yet prepared documents memorializing the misrepresentations.

121.    AZI has been damaged by NAVARRO and BOYLE's acts, designed to siphon off funds belonging to AZI.

WHEREFORE, AZI demands entry of judgment against NAVARRO and BOYLE for damages in an amount to be determined at trial, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT VIII
## CIVIL CONSPIRACY
## (AGAINST DEFENDANTS NAVARRO, BOYLE, INFINITY YACHT AND SALINAS)

122.    AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

123.    This is an action for civil conspiracy against AZ INFINITY, FLORIDA YACHTS, NAVARRO, INFINITY YACHT, and BOYLE.

124.    NAVARRO brokered the sale of the Vessel between AZ INFINITY and INFINITY YACHT in violation of the Promissory Note and Mortgage held by AZI.

125.    To consummate the sale of the Vessel from AZ INFINITY to INFINITY YACHT, NAVARRO personally executed and notarized a false and fraudulent Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI without AZI's knowledge or consent.

126.    At all material times, including at the time NAVARRO personally executed the false and fraudulent Satisfaction of Mortgage, NAVARRO knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) he did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

127.    Given NAVARRO'S position as sole owner and manager of FLORIDA YACHTS and given that FLORIDA YACHTS brokered the initial sale of the Vessel from AZI to AZ INFINITY, FLORIDA YACHTS knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (3) the Promissory Note and Mortgage had not been satisfied; and (4) NAVARRO did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

BlackSrebnick
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | p 305.371.6421

128.     At all material times, including at the time AZ INFINITY sold the Vessel to INFINITY YACHT and NAVARRO executed the false and fraudulent Satisfaction of Mortgage, AZ INFINITY and SALINAS knew that: (1) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; (2) the Promissory Note and Mortgage had not been satisfied; and (3) NAVARRO did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

129.     At all material times, including at the time INFINITY YACHT purchased the Vessel from AZ INFINITY, INFINITY YACHT knew that: (1) there was a Promissory Note and Mortgage held by AZI secured by the Vessel; (2) the terms of the Promissory Note and Mortgage prohibited AZ INFINITY from selling or mortgaging the Vessel without prior written consent from AZI; and (3) NAVARRO did not have authorization from AZI to execute the Satisfaction of Mortgage discharging AZ INFINITY'S indebtedness to AZI.

130.     AZ INFINITY, SALINAS, FLORIDA YACHTS, NAVARRO, and INFINITY YACHT conspired and agreed, by and among themselves, to facilitate and assist in the improper sale of the Vessel in violation of AZI's Promissory Note and Mortgage and the creation of the false and fraudulent Satisfaction of Mortgage.

131.     AZI has been damaged by the actions and/or omissions of  AZ INFINITY, SALINAS, FLORIDA YACHTS, NAVARRO, BOYLE, and INFINITY YACHT.

WHEREFORE, AZI demands entry of the following relief:

a)  an immediate injunction against AZ Infinity

b)  a judgment against AZ INFINITY, SALINAS, BOYLE, FLORIDA YACHTS, NAVARRO, and INFINITY YACHT for damages in an amount to be determined at

26



trial, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

## COUNT IX
## AIDING AND ABETTING CONVERSION
## (AGAINST DEFENDANT BOYLE)

132.     AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

133.     NAVARRO, through the wrongful conduct described above, misappropriated and committed civil theft of monies belonging to AZI.

134.     BOYLE, at all material times aided NAVARRO's wrongful conduct through her assistance creating documents, sending communications, sending wire instructions, and otherwise functioning as NAVARRO's right hand in her role as a 20 year employee of NAVARRO's company.   BOYLE had actual knowledge of NAVARRO's misrepresentations to SALINAS and AZI INFINITY as well as NAVARRO lacking permission from AZI to broker the January 2025 sale of the Infinity to INFINITY YACHT.

135.     Without BOYLE's substantial assistance, NAVARRO would not have been able to successfully commit the fraud, civil theft of monies, and creation of the fictitious mortgage satisfaction document provided by NAVARRO to SALINAS.

136.     BOYLE was NAVARRO's right hand during the sale of the Infinity to AZI INFINITY and had facilitated preparation and transmission of the closing documents, including the Preferred Mortgage. As such, BOYLE had express knowledge of the term in the Preferred Mortgage requiring AZI's express consent of any resale.

137.     BOYLE prepared documents for the January 2025 unauthorized sale and facilitated the requisite communications among NAVARRO, INFINITY YACHT, and AZI INFINITY.

**BlackSrebnick**
CIVIL | CRIMINAL
www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | ℘ 305.371.6421

138.     As a result BOYLE's assistance with specific wrongdoing as well as her failure to notify any of the impacted parties of NAVARRO's lack of authority or him notarizing his own signature, BOYLE facilitated the breach of the Preferred Mortgage held by AZI, the conversion of monies transferred during the January 2025 transaction, and AZI's continued wrongful deprivation of the full value of the underlying collateral by virtue of it being used by INFINITY YACHT as a rent-a-party boat by the public.

139.     AZI has been damaged by the fraud, breach of the Preferred Mortgage, conversion of monies, civil theft resulting from the actions and/or omissions of BOYLE. AZI continues to suffer damages and deprivation of the full value of the collateral and interest payments due and owed under the Preferred Mortgage and therefore is entitled to compensatory damages in an amount to be proven at trial.

WHEREFORE, AZI demands entry of a judgment against BOYLE for damages in an amount to be determined at trial, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

### COUNT X
### UNJUST ENRICHMENT/CONSTRUCTIVE TRUST
### (AGAINST DEFENDANTS ZAPATER AND NAVARRO)

140.     AZI re-alleges and incorporates paragraphs 1 through 49 above, as if fully set forth herein.

141.     This is an action for constructive trust/unjust enrichment against ZAPATER and NAVARRO.

142.     At all material times NAVARRO exploited his confidential relationship (as an occasional broker to AZI) with AZI  to enrich himself and ZAPATER by keeping sale proceeds remitted through the unauthorized sale of the Vessel to AZI  in January 2025.

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421

143.     NAVARRO used fraud and deception to take advantage of his prior relationship as a broker for AZI to mislead third parties into believing he had authority to broker the January 2025 sale.

144.     Upon information and belief, NAVARRO applied these wrongfully acquired monies towards expenses and mortgage payments on real property owned by ZAPATER which is located at 284 Las Brisas Court, Coral Gables, Florida 33143.

145.     At all material times, ZAPATER was aware that NAVARRO was using wrongfully acquired monies to maintain that certain real estate property located at 284 Las Brisas Court, Coral Gables, Florida 33143.

146.     At all material times, ZAPATER and NAVARRO intended for that certain real estate property to be held in ZAPATER's name in order to shield the property from the reach of AZI and others defrauded by NAVARRO.

147.     Further evidencing the scheme, NAVARRO and ZAPATER are jointly identified as Borrowers on the June 28, 2022 Mortgage to Orlando Benitez. See **Exhibit 6**.

148.     It would be unjust to allow NAVARRO and ZAPATER to enjoy economic benefit from the wrongfully obtained monies of NAVARRO's scheme to defraud AZI.

149.     AZI has been damaged by the actions of NAVARRO and ZAPATER.

WHEREFORE, AZI demands entry of the following relief:

a.   a judgment against NAVARRO and ZAPATER for damages in an amount to be determined at trial, including attorneys' fees and costs, interest, and such other and further relief as the Court deems just and proper.

b.   A constructive trust for the value of the judgment to be secured by that certain real estate property located at 284 Las Brisas Court, Coral Gables, Florida 33143.

29



### **PRAYER FOR RELIEF**

WHEREFORE, for all the foregoing reasons, AZI demands judgment against the Defendants and seeks injunctive relief as more particularly stated within each Count above and hereby demands a trial by jury of all issues triable under the laws of the State of Florida.

DATED:          March 3, 2025

<div style="margin-left:40%">

Respectfully submitted,

**BLACK SREBNICK, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, Florida 33131
Phone: (305) 371-6421

By: /s/ *Howard Srebnick, Esq.*
          Howard Srebnick, Esq.
          Florida Bar No. 919063
          Raymie Walsh, Esq.
          Florida Bar No. 696821
          HSrebnick@RoyBlack.com
          RWalsh@RoyBlack.com
          civilpleadings@royblack.com

*Counsel for Plaintiff AZI 116, LLC*

</div>

**BlackSrebnick**
CIVIL | CRIMINAL

www.royblack.com | 201 S. Biscayne Boulevard Suite 1300 Miami, FL 33131 | *p* 305.371.6421