UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:25-cv-20982-GAYLES/GOODMAN
IN ADMIRALTY

**AZI 116, LLC,**

    Plaintiff,

v.

**AZ 116' INFINITY, LLC, et. al.**

    Defendants.

_____/

## TEMPORARY RESTRAINING ORDER

**THIS CAUSE** came before the Court upon Plaintiff, AZI 116, LLC's, Expedited *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant Infinity Yacht Acquisition Company, LLC (the "Motion"). [ECF No. 11]. Plaintiff moves, *ex parte*, against Defendant Infinity Yacht Acquisition Company, LLC to impose restraints related to the 2004 116' Azimut motor yacht bearing Hull Number 14 and U.S. Official Identification No. 1296774 (the "Vessel").[1] The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons stated below, the Motion is granted in part.

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel*

---

[1] Plaintiff's Verified Company alleges claims against Defendants AZ 116" Infinity, LLC, Rafael Lazaro Navarro, Michelle Boyle, Patricia Pradere Zapater, Fernando G. Salinas, Infinity Yacht Acquisition Company, LLC, and MYI International, LLC ("Defendants") relating to the breach of a promissory note and mortgage on the Vessel. [ECF No. 1].

*Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (per curiam). Additionally, a court may issue a temporary restraining order without notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and]
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

Plaintiff's Verified Complaint, [ECF No. 1], supports a finding that (1) Plaintiff has a substantial likelihood of success on the merits of its claims; (2) irreparable injury will be suffered if the Vessel is sold or leaves the jurisdiction;[2] (3) the threatened injury to Plaintiff outweighs harm to the Defendants; and (4) entry of the temporary restraining order is in the public interests. Accordingly,

**ORDERED AND ADJUDGED** that Plaintiff, AZI 116, LLC's, Expedited *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant, Infinity Yacht Acquisition Company, LLC, [ECF No. 11], is **GRANTED in PART** as follows:

1. Infinity Yacht Acquisition Company, LLC, its principals, agents, and anyone acting on its behalf, and all persons or entities acting in concert or participation with any of them, and any and all persons and entities having actual knowledge of this Order are hereby temporarily **RESTRAINED** from:

---

[2] The Court does not find that a restraint on Infinity Yacht Acquisition Company, LLC's ability to charter the Vessel within the jurisdiction of the Southern District of Florida, or advertise for those charters, is warranted.

   a. dissipating, conveying, encumbering, or otherwise transferring ownership of all or part of the Vessel to any third-party; and

   b. moving or relocating the Vessel from the jurisdiction of the Southern District of Florida.

  2. This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

  3. Pursuant Fed. R. Civ. P. 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

  4. **A Hearing is set before this Court at the Wilkie D. Ferguson, Jr. U.S. Courthouse, 400 North Miami Avenue, Room 11-1, Miami, Florida 33128 on March 26, 2025, at 1:30 P.M.,** at which time Defendants or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction;

  5. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel at least forty-eight (48) hours prior to the hearing and filed with the Court, along with a Certificate of Service. Plaintiff shall file any Reply Memorandum twenty-four (24) hours prior to the hearing. The above dates may be revised upon stipulation by all parties and approval of this Court;

6. Infinity Yacht Acquisition Company, LLC is hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65 and this Court's inherent authority.

**DONE AND ORDERED** in Chambers at Miami, Florida, at 5:40 p.m. this 14th day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE